IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BIAX CORPORATION <br> Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:06-CV-364 (TJW) |
| FUJITSU COMPUTER SYSTEMS CORP. and SUN MICROSYSTEMS, INC., <br> Defendants. | § § § § | |

**MEMORANDUM ORDER**

Before the Court is Defendants Fujitsu Computer Systems Corporation and Sun Microsystems, Inc.'s Joint Motion to Stay (#19). After considering the parties' written submissions, the motion is DENIED.

**I.    Introduction**

Plaintiff Biax filed suit against Defendants Fujitsu Computer Systems Corporation and Sun Microsystems, Inc. for infringement of U.S. Patent Nos. 5,517,628 ("the '628 patent"); 6,253,313 ("the '313 patent"); and 5,021,945 ("the '945 patent"). In it amended complaint, Biax dropped its patent infringement claim with regards to the '945 patent. Prior to filing this suit, the Patent and Trademark Office ("PTO") granted Intel Corp.'s ("Intel") request for *ex parte* reexamination of the '628 patent and the '313 patent. Intel has already been sued by Biax in this Court for infringing five patents, including the '628 patent and the '313 patent. Defendants now request a stay pending completion of both the PTO's reexaminations and the *Biax v. Intel Corp. and Analog Devices, Inc.* case (Civil Action No. 2:05-cv-184).

**II.    Discussion**

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the Court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

**A.    Reexaminations**

Courts typically consider three things when deciding whether to stay litigation pending reexamination: "(1) whether a stay will unduly prejudice or present a clear tactical advantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC*, 356 F. Supp. 2d at 662 (citation omitted).

**1.    Prejudice and Tactical Advantage**

The defendants argue that Biax will not be prejudiced because 1) a stay will eliminate litigation costs related to claims that are likely to change or eliminated, 2) Biax was aware of the reexaminations at the time they filed suit and has already waited five years, since it began charging companies with infringement in 2001, before filing suit against these defendants, and 3) monetary damages will adequately compensate for any delay because Biax is an intellectual property asset management company that does not compete in the industry.

In response, Biax argues that litigation costs will not be wasted because statistics show that all claims are cancelled in a reexamination requested by a third-party in only 12% of cases and claims are changed in 59% of cases. Biax also argues that its knowledge of the reexaminations at

the time it filed this action is irrelevant because there is no general rule requiring a court to stay a case pending reexamination. *See Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001). Finally, Biax argues that a stay does not eliminate the fundamental harm of delaying final resolution.

Biax also contends that they will be prejudiced because *ex parte* reexaminations take an average of 22.6 months to complete and the appellate process for review could take an additional 24 months. Biax points out that the PTO has yet to issue Office Actions in either of the reexaminations. According to Biax, a stay will also adversely impact its ability to proceed with licensing and asserting its patents against other infringers.

The Court agrees with Biax. At this time, the PTO has not identified any particular claims at issue or provided any definitive guidance on the length of time required for the reexamination. Accordingly, the potential delay for an indefinite period would likely prejudice Biax. *See Ricoh Co., Ltd. v. Aeroflex Inc.*, 2006 WL 3708069, *2 (N.D. Cal. Dec. 14, 2006); *Lexington Lasercomb I.P.A.G. v. GMR Products, Inc.*, 442 F. Supp. 2d 1277, 1278 (S.D. Fla. 2006). This factor weighs strongly against a stay.

### 2. Simplification of Case

The defendants argue that a stay will simplify the case because it would ensure that the parties do not litigate or engage in discovery involving claims likely to be changed or cancelled. Biax, on the other hand, argues that discovery would likely not be wasted due to the breadth of discovery, and the fact that claims are changed in only 59% of cases and cancelled in only 12% of cases. Biax also points out that the reexamination proceedings do not address other prior art references likely to be cited by the defendants nor any of the invalidity defenses.

The Court agrees that some claims and issues will likely remain after the reexamination has been completed. In addition, this Court is already familiar with the '628 and '313 patents from the *Biax v. Intel* case. Accordingly, waiting for the completion of the reexamination may only simplify the case to a limited degree. This factor is speculative and does not support a stay.

### 3. Stage of Proceedings

This suit is in the early stages. There has been no scheduling conference and the parties have not commenced discovery. Accordingly, this factor weighs in favor of a stay.

### 4. Conclusion

After considering the factors above, the Court exercises its discretion and DENIES the defendants' motion to stay pending reexamination.

### B. Resolution of Intel Case

The parties set forth essentially the same arguments for staying this case pending the resolution of the Intel case. Accordingly, for essentially the same reasons as discussed above, the Court also DENIES the defendants' motion to stay pending the resolution of the Intel case.

## III. Conclusion

The Court has considered the competing interests and concludes that the interest in proceeding with this case outweighs any benefits from staying this case. Defendants' motion to stay is DENIED.

SIGNED this 26th day of February, 2007.

_T. John Ward_
T. JOHN WARD
UNITED STATES DISTRICT JUDGE